1  DANIEL G. BOGDEN
   United States Attorney
2
   GREG ADDINGTON
3  Nevada Bar No. 6875
   Assistant United States Attorney
4  100 West Liberty, Suite 600
   Reno, Nevada  89501
5  Tel.:  (775) 784-5438
   Fax:  (775) 784-5181
6

7                    UNITED STATES DISTRICT COURT

8                        DISTRICT OF NEVADA

9
                                    )
10 BILL ADAMSON et al.,             )
                                    )
11        Plaintiffs,               )    3:08-cv-621-LDG-RAM
                                    )
12     v.                           )    UNITED STATES' MOTION TO
                                    )    DISMISS CLAIMS OF LORILLEE
13 UNITED STATES OF AMERICA,        )    BABCOCK
                                    )
14        Defendant.                )
   ─────────────────────────────────)
15                                  )
   JUDY KROSHUS, et al.,            )    3:09-cv-713-LDG-RAM
16                                  )
          Plaintiffs,               )    FEDERAL DEFENDANTS' MOTION
17                                  )    TO DISMISS CLAIMS OF
       v.                           )    LORILLEE BABCOCK
18                                  )
   UNITED STATES OF AMERICA, et     )
19 al.,                             )
                                    )
20        Defendants.               )
   ─────────────────────────────────)
21                                  )
   BILL ADAMSON et al.,             )
22                                  )
          Plaintiffs,               )    3:09-cv-715-LDG-RAM
23                                  )
       v.                           )    UNITED STATES' MOTION TO
24                                  )    DISMISS CLAIMS OF LORILLEE
   UNITED STATES OF AMERICA,        )    BABCOCK
25                                  )
          Defendant.                )
   ─────────────────────────────────)
26

27

28                              1

The federal defendants in these related actions, through their undersigned counsel, move this Court for dismissal of the claims brought by plaintiff LORILLEE BABCOCK pursuant to Rules 7(b) and 25(a), Fed.R.Civ.P.

The grounds for this motion are that plaintiff Lorillee Babcock died in November 2009, a suggestion of death was filed on March 19, 2010, no substitution of a personal representative or other successor has been made, and this action must be dismissed in accordance with Rule 25(a)(1).

This motion is based on the papers and pleadings filed in this action and the accompanying memorandum of law.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

/s/ Greg Addington
GREG ADDINGTON
Assistant United States Attorney

2

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS CLAIMS OF LORILLEE BABCOCK

A.   INTRODUCTION

Lorillee Babcock is a plaintiff in each of these three related actions arising from the January 2008 Truckee Canal embankment failure in Fernley, Nevada.  In "Adamson I" (3:08-cv-621) and "Adamson II" (3:09-cv-715), plaintiff Babcock is one of many plaintiffs seeking recovery of tort damages against the United States.  In "Kroshus II" (3:09-cv-713), plaintiff Babcock is one of many plaintiffs seeking judicial review of the decision by the Bureau of Reclamation to permit limited resumption of water flows in the canal following the repair of the breach site.[1]

In November 2009, plaintiff Babcock died.  On March 19, 2010, the federal defendants filed a Suggestion of Death on the Record (#81 - Adamson I; #37 - Adamson II; #77 - Kroshus II) in accordance with Rule 25(a)(1), Fed.R.Civ.P.

The 90-day deadline imposed by Rule 25(a)(1) has expired and no substitution of a personal representative or other successor has been made.  Accordingly, this action must be dismissed by the plain terms of Rule 25(a)(1).

---

[1]     Plaintiff Babcock is not a plaintiff in "Kroshus I" (3:08-cv-246), an action which seeks the same relief as that sought in "Kroshus II."  The federal defendants have filed their motion for summary judgment in "Kroshus I" and "Kroshus II," which motions are pending.  Multiple motions are pending in "Adamson II."  The current motion does not affect the viability of any other pending motions.

B. ARGUMENT

        Rule 25(a)(1), Fed.R.Civ.P., provides a mechanism for
substitution of a successor when a party dies during the course
of litigation and the litigation is not automatically
extinguished by the death.  If the claim is not automatically
extinguished, a motion for substitution must be filed "within 90
days after service of a statement noting the death..."  If such a
motion for substitution is not filed within the 90-day time
period, "the action by or against the decedent must be
dismissed."  See Rule 25(a)(1).

        On March 19, 2010, the federal defendants filed a Suggestion
of Death on the Record in each of the three cases in which
decedent Lorillee Babcock is a plaintiff. The 90-day deadline has
expired for the filing of a motion for substitution of a
successor to Babcock and no such motion has been filed.
Accordingly, this action "by or against the decedent [Babcock]
must be dismissed" by the plain terms of the operative Rule
25(a)(1).  See Hofheimer v. McIntee, 179 F.2d 789 (7th Cir.
1950); see also Patrick v. Sharon Steel Corp., 549 F.Supp. 1259
(W.Va. 1982).

C.   CONCLUSION

    Based on the foregoing, the claims of plaintiff Lorilee
Babcock must be dismissed in accordance with Rule 25(a),
Fed.R.Civ.P.


                              Respectfully submitted,

                              DANIEL G. BOGDEN
                              United States Attorney

                               /s/ Greg Addington
                              GREG ADDINGTON
                              Assistant United States Attorney



                         ORDER

IT IS SO ORDERED.

DATED this ____ day of July, 2010.


                                        _____
                                        Lloyd D. George
                                        Sr. U.S. District Judge

5