UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BILL ADAMSON, et al., | 3:08-cv-0621-LDG-RAM |
| Plaintiffs, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |
| LARRY J. MOORE, et al., | 3:09-cv-0167-LDG-RAM |
| Plaintiffs, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |
| BILL ADAMSON, et al., | 3:09-cv-0715-LDG-RAM |
| Plaintiffs, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

On March 24, 2011, the court conducted a hearing on the following matters:

<u>Adamson v. United States (Adamson I)</u>, 3:08-cv-621-LDG-RAM

> United States' motion to strike class allegations (#26) (denied without prejudice to subsequent reinstatement)

<u>Moore v. United States</u>, 3:09-cv-167-LDG-RAM

> United States' motion to strike class action allegations (#10) (denied without prejudice to reconsideration in ruling on the motion for class certification)
>
> Plaintiffs' motion for class certification (#68)

<u>Adamson v. United States (Adamson II)</u>, 3:09-cv-715-LDG-RAM

> United States' motion to strike class action allegations (#22) (denied for case management purposes without prejudice to reinstatement)

The parties in the <u>Adamson</u> cases have stipulated to the granting of the United States' motions to strike. During the hearing, the court advised the parties in <u>Moore</u> that it was preliminarily inclined to grant the United States' motion to strike and deny plaintiffs' motion for class certification. Based on that position, the <u>Moore</u> plaintiffs requested leave to file a motion for leave to amend the complaint to add four previously unnamed plaintiffs, Jennifer Tapia, Daniel Tapia, James Pringle and Richard Penn (the "unnamed plaintiffs").

To prosecute a suit as a class action, plaintiffs must establish that the court has jurisdiction over the claims upon which the class action is premised, and that both the four prerequisites prescribed in Fed. R. Civ. P. 23(a) and the standards for at least one of the three types of class action enumerated in Fed. R. Civ. P. 23(b) are satisfied. In focusing on the jurisdictional element, the court determines that plaintiffs' proposed class would include the unnamed plaintiffs and others similarly situated who have not met the sovereign immunity waiver requirements of 28 U.S.C. § 2675(a) and accompanying regulations. That law requires that a claim for damages to property must be presented to the administrative agency by the owner of the property or by the owner's duly authorized agent or legal representative. While plaintiffs' motion for class certification and motion to amend the complaint seek to salvage the claims of the unnamed

plaintiffs and others who failed to comply with § 2675, the claim requirement of § 2675 is jurisdictional in nature and may not be waived. Blain v. United States, 552 F.2d 289, 291 (9th Cir. 1975). Plaintiffs have shown neither that the members of the proposed class complied with the presentment requirement, nor that the members of the proposed class authorized plaintiffs to present their claims to the agency. Plaintiffs, therefore, have failed to establish that a class claim was properly submitted on behalf of the proposed class, and class certification will be denied.

In a further effort to save the unnamed plaintiffs' claims, plaintiffs have filed a motion for leave to amend the complaint to name new plaintiffs or, in the alternative, a motion to intervene by the unnamed plaintiffs. The United States denied the unnamed plaintiffs' administrative claims on May 15, 2009, and the unnamed plaintiffs did not file suit within the six-month limitation period after the denial. See 28 U.S.C. § 2401(b). Plaintiffs argue that the pendency of the class certification effectively tolls the running of the six-month period in which the unnamed plaintiffs may become parties in the action–thus avoiding their preclusion for not having filed an action within the uninterrupted limitations period.

Generally, equitable doctrines of tolling may excuse a claimant's tardiness. However, "[i]f a statute of limitations aims not so much to protect a defendant's case-specific interest in timeliness as to achieve a broader system-related goal, such as facilitating the administration of claims, limiting the scope of a governmental waiver of sovereign immunity, or promoting judicial efficiency, a court's flexibility in using equitable doctrines to extend deadlines is limited." Marley v. United States, 567 F.3d 1030, 1035 (9th Cir. 2009) (citations internal marks omitted). Such statutes of limitations are referred to as "jurisdictional." Id. The Ninth Circuit has held that the requirements of § 2401(b) are "jurisdictional" in the sense that "[t]he FTCA includes a detailed administrative process for handling tort claims against agencies. The statutory filing deadline is a key part of that process and plainly facilitates the administration of claims." Id. at 1036. Therefore, in a case that does not meet the deadlines of § 2401(b), the court does not have

3

jurisdiction and cannot apply the doctrines of equitable tolling that may otherwise allow the case to proceed.

Plaintiffs attempt to distinguish Marley, upon which the United States relies, on the ground that the plaintiff in that case did not rely upon a pending class action to toll the statute of limitations, but rather re-filed an individual FTCA case after the limitations period had run.  While that is a distinction, plaintiffs do not explain, and the court does not perceive, why the separate contexts would make a difference to the characterization and application of § 2401(b).  Indeed, the case by which plaintiffs urge the court be guided, Crown, Cork & Seal Co. v. Parker, 462 U.S. 345 (1983), is a Title VII case, and does not even address FTCA tolling.  In any event, post-Parker cases have distinguished FTCA and Title VII limitations requirements on the ground that the administrative agency in FTCA cases is given broad authority to settle cases, where the EEOC has only authority to conciliate, not settle claims.  See Arctic Slope Native Assoc. v. Sebelius, 583 F.3d 785, 795 (Fed. Cir. 2009).

Finally, given the acknowledgment by plaintiffs that their intent in filing a class action was to save the claims of the unnamed plaintiffs and similarly situated individuals, the court finds that the unnamed plaintiffs are not entitled to the equitable tolling principles articulated in American Pipe & Const. Co. v. Utah, 441 U.S. 538 (1976).  As American Pipe's concurring opinion cautions, class actions should not be framed by counsel in an effort to take advantage of equitable tolling principles "to attract and save members of the purported class who have slept on their rights."  Id. at 561 (J. Blackmun, concurring).  Accordingly, based on futility, the court will deny plaintiffs' motion for leave to amend to name new plaintiffs or, in the alternative, motion to intervene.

THE COURT HEREBY ORDERS that United States' motion to strike class action allegations (#10) is reinstated and GRANTED.

THE COURT FURTHER ORDERS that plaintiffs' motion for class certification (#68) is DENIED.

THE COURT FURTHER ORDERS that plaintiffs' motion for leave to amend the complaint to name new plaintiffs or, in the alternative, motion to intervene (#138) is DENIED.

Dated this ___9___ day of June, 2011.

_____
Lloyd D. George
United States District Judge

5